UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| SAMUEL BENEDETTO, ) | CASE NO. 3:08 CV0570 |
| ) | |
| Petitioner, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| ) |  AND ORDER |
| J.T. SHARTLE, WARDEN, *et al.*, ) | |
| ) | |
| Respondent. ) | |

*Pro se* petitioner Samuel Benedetto filed an action in the United States District Court for the District of Columbia on January 18, 2008. *Benedetto v. Shartle*, No.1:08-cv-0115 (D. D.C. 2008). Because he filed the pleading pursuant to 28 U.S.C. § 2241 and was confined in the Federal Correctional Institute in Elkton, Ohio ("F.C.I. Elkton"), the District Court of Columbia transferred the matter to this court, as having personal jurisdiction over Mr. Benedetto's custodian. *See* 28 U.S.C.§ 2241; *Rumsfield v. Padilla*, 542 U.S. 426, 434-35 (2004).

In his present petition against Warden J. T. Shartle at F.C.I. Elkton, the United States Department of Justice and the United States Parole Commission, Mr. Benedetto claims he is serving an illegal sentence of 32 months. He maintains that the sentence, imposed as a result of a parole

violation, violates the Ex Post Facto Clause, as well as the Fifth and Sixth Amendments of the Constitution.

## BACKGROUND

Mr. Benedetto's parole revocation hearing was held on January 24, 2007. The following three charges were leveled against him in support of the revocation of his parole:

> Charge No. 1 - Law Violations: (a) Possession of Heroin; (b) Tampering With Physical Evidence.
> Basis: The police report dated 11-17-2005 and the violation report dated 12-29-2005
>
> Charge No. 2 - Use of Dangerous and Habit Forming Drugs.
> Basis: The violation reports dated 12-29-2005 and 10-05-2006.
>
> Charge No. 3 - Law Violations: (a) Forgery; (b) Bad Checks; (c) Identity Theft.
> Basis: The violation report dated 10-05-2006 and the police report dated 09-10-2006.

(Pet.'s Ex. A.) Mr. Benedetto challenged any proposed revocation of his parole by arguing that he had not been convicted of any of the charges brought against him. Moreover, he presented evidence that his physician prescribed medication for a degenerated disc which contained "opiates." Petitioner's attorney provided the Hearing Examiner "documented proof of the pain medication that he was prescribed by a physician to take." (Pet.at 3.) In spite of this evidence, the Parole Hearing Examiner found petitioner violated the conditions of his parole and recommended a sentence of 16 months.

A "Notice of Action," dated February 21, 2007, was issued by the United States Parole Commission. The Commission found that petitioner violated the conditions of his release based on the charges indicated. Petitioner's parole violation behavior was rated as criminal conduct

of Category Three severity because it involved forgery between $2,000 and $40,000 and administrative violations. Considering the fact that Mr. Benedetto was over the age of 41 when he engaged in the acts for which he was charged and was in prison over 30 days for offenses he committed when he was over the age of 26 years, a salient factor score of "2" was applied. As a result, the Guidelines established by the Commission indicated a customary range of 24-32 months be served before release. This resulted in a presumptive re-parole date of July 9, 2009, after service of 32 months. Petitioner was also credited for time spent on parole. The Notice further advised that appeal forms "must be filed with the Commission within thirty days of the date this Notice was sent." (Pet.'s Ex. A., at 2.)

Petitioner appealed to the National Appeals Board three months after the Notice was issued, or May 15, 2007. He complains that the Board failed to respond to his request within sixty days, or as of July 15, 2007. As such, Mr. Benedetto believes he is entitled to pursue a civil action in federal court pursuant to "§2.26(f)" of the Parole Commission regulations.

Mr. Benedetto now argues that the Parole Commission violated the Ex Post Facto Clause and his Fifth and Sixth Amendment rights under the United States Constitution. The premise of petitioner's ex post facto argument rests on his belief that the Commission relied on United States Sentencing Guideline §2B1.1(b) to impose the term of his parole revocation sentence. He claims the "Commission's apparent application of U.S.S.G. § 2B1.1(b) is clearly more onerous than that of the prior laws governing parole and revocation." (Pet. at 4.) With regard to his claimed violations of his Fifth and Sixth Amendment rights, Mr. Benedetto states that he disputed the three charges brought against him by explaining that he was not convicted of two of the charges and he was taking a prescription drug which contained "opiates."

*Appeal to National Appeals Board*

After parole release has been denied, a prisoner may appeal the decision by submitting a written application to the National Appeals Board not later than 30 days following the denial decision. *See* 28 C.F.R. § 2.26(d). If no appeal is filed within 30 days of the date of entry of the original decision, such decision stands as the final decision of the Commission. *Id.* It appears Mr. Benedetto filed his appeal beyond thirty days from the date of the Commission's decision. Without explanation, however, he did file an appeal from which he still has not received a response.

The regulations do provide that the National Appeals Board, upon receipt of the appellant's papers, must act pursuant to rules and regulations within 60 days to reaffirm, modify, or reverse the decision and must inform the appellant in writing of the decision and the reasons therefor. 28 C.F.R. § 2.26(c). Several courts have held that noncompliance with the 60-day requirement is not necessarily prejudicial. *Judd v. Baer*, 911 F.2d 571 (11th Cir. 1990); *Ready v. U.S. Parole Commission*, 483 F. Supp. 1273 (M.D. Pa. 1980) (rejected on other grounds by, *Lewis v. Beeler*, 949 F.2d 325 (10th Cir. 1991)). For a parolee to be entitled to relief, the delay must be unreasonable and prejudicial. Mr. Benedetto has not argued any injury as a result of the Board's failure to render a decision.

*Ex Post Facto*

For reasons unexplained, Mr. Benedetto believes the Commission relied on the U.S.S.G. to impose a parole revocation sentence of 32 months. There are simply no facts, however, which support this belief.  As a matter of course, it is the Code of Federal Regulations which set forth paroling policy guidelines:

> (a) To establish a national paroling policy, promote a more consistent exercise of discretion, and enable

> fairer and more equitable decision-making without removing individual case consideration, the U.S. Parole Commission has adopted guidelines for parole release consideration.
>
> \* \* \*
>
> (f) Guidelines for reparole consideration are set forth at § 2.21.

28 C.F.R. § 2.21. It is apparent, therefore, that the Commission relied upon its own guidelines to determine the appropriate term of imprisonment for the violation of Mr. Benedetto's release conditions.

The Sixth Circuit has joined eight other circuit courts of appeal and one Supreme Court justice to conclude that no *ex post facto* violation exists from the retrospective application of the federal parole guidelines. *Resnick v. United States Parole Comm'n.*, 835 F.2d 1297, 1301 (10th Cir.1987); *Sheary v. United States Parole Comm'n.*, 822 F.2d 556, 558 (5th Cir.1987); *Beltempo v. Hadden*, 815 F.2d 873, 875 (2d Cir.1987); *Wallace v. Christensen*, 802 F.2d 1539, 1554 (9th Cir.1986); *Prater v. United States Parole Comm'n.*, 802 F.2d 948, 954 (7th Cir.1986); *Yamamoto v. United States Parole Comm'n.*, 794 F.2d 1295, 1297 (8th Cir.1986); *U.S.A. ex rel. Forman v. McCall*, 776 F.2d 1156, 1164 (3d Cir.1985), *cert. denied*, 476 U.S. 1119 (1986); *Dufresne v. Baer*, 744 F.2d 1543, 1549-50 (11th Cir.1984), *cert. denied*, 474 U.S. 817 (1985); *Warren v. United States Parole Comm'n.*, 659 F.2d 183, 197 (D.C. Cir.1981), *cert. denied*, 455 U.S. 950 (1982); *Ruip v. United States*, 555 F.2d 1331, 1335-36 (6th Cir.1977); *see Portley v. Grossman*, 444 U.S. 1311, 1312-13, (1980). It is overwhelmingly apparent, therefore, that Mr. Benedetto cannot raise any ex post facto argument regarding his reparole under the Commission guidelines. *United States v. DiRusso*, 548 F.2d 372 (1st Cir.1976)(the guidelines are not "laws").

*Fifth and Sixth Amendment Violations*

This court's review is limited to determining "whether the Commission exceeded its statutory authority or acted so arbitrarily as to violate due process." *Benny v. United States Parole Commission*, 295 F.3d 977, 981-82 (9th Cir.2002), citing *Wallace v. Christensen*, 802 F.2d 1539, 1551-52 (9th Cir.1986)("Judgments involving a broad range of factors that the Commission takes into account in arriving at its decision are committed to the Commission's discretion and are unreviewable even for abuse of discretion.") *Id*. at 1551.

The record in this case indicates that the 32-month sentence imposed was within the customary range based on the salient factor determined by the Commission. The Parole Commissioner's Examiner, after the revocation hearing, recommended the sentence because of his assessment of Mr. Benedetto's personal circumstances. The Examiner cited the fact that he was involved in forgery between $2,000 and $40,000 as well as administrative violations. These activities occurred when the petitioner was over the age of 41 and the conviction from which he violated the terms of his parole occurred when he was over the age of 26. Petitioner does not address these facts. Contrary to his arguments, there is no determination or requirement that petitioner be "convicted of a crime" to be found in violation of his parole conditions.

In light of the explanations for the various recommendations made regarding petitioner's sentence after the revocation hearing, the court cannot find that the Parole Commission acted in bad faith prior to, during, or after the hearing. There is therefore no basis for the court to grant habeas relief on this claim

Accordingly, it is HEREBY ORDERED that the petition for writ of habeas corpus is dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis on which to issue a certificate of

appealability. 28 U.S.C. §2253(c).

    IT IS SO ORDERED.

                /s/ Patricia A. Gaughan
                PATRICIA A. GAUGHAN
                UNITED STATES DISTRICT JUDGE

Dated: 7/3/08